UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P.R., | No. 1:26-CV-03643-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, FIELD OFFICE DIRECTOR, ICE LOS ANGELES FIELD OFFICE, TODD M. LYONS, ACTING DIRECTOR, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, RISTI NOEM, SECRETARY OF HOMELAND SECURITY, MERRICK GARLAND, UNITED STATES ATTORENY GENERAL | |
| Respondents. | |

Before the Court is Petitioner Michael P.R.'s [1] ("Petitioner") petition for

---

[1] As recommended by the Committee on Court Administration and Case

ORDER GRANTING HABEAS PETITION * 1

writ of habeas corpus and motion for a temporary restraining order, ECF Nos. 1-2. The Respondents agree to convert the motion for a temporary protective order into one for a preliminary injunction seeking either his immediate release. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is granted, and his motion for a preliminary injunction is denied is moot.

## BACKGROUND

Petitioner is a non-citizen who entered the United States in December 2021 without lawful admission. He was apprehended near the border in Texas and served with a Notice to Appear (NTA) on December 23, 2021. Petitioner initiated an immigration case based on asylum, and was released pending the outcome of this case.

A hearing in Petitioner's immigration case was set on January 12, 2026. According to a certificate of service on a Notice of Hearing, Petitioner was

Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION * 2

personally serviced with the notice on October 30, 2025. Petitioner denies receiving service. Petitioner failed to appear at the January 12, 2026 hearing, and the immigration court ordered his removal. Nevertheless, on January 30, 2026 Petitioner appeared at a scheduled appointment with Immigration and Customs Enforcement in Los Angeles. At the appointment, Petitioner was taken into custody. He has since been held in the California City Corrections Center.

On March 2, 2026, Petitioner attempted to appeal his removal order. His filing was rejected for technical reasons. Petitioner represents he has since filed a motion to reopen his immigration case.

On March 12, 2026, Petitioner filed a habeas corpus petition seeking the invalidation of his in absentia removal order. *P.-R. v. Bondi*, 2026 WL 1078249, at *2 (E.D. Cal. Apr. 21, 2026), *report and recommendation adopted*, 2026 WL 1189187 (E.D. Cal. Apr. 30, 2026). The petition was dismissed. *Id*. at 1.

On May 12, 2026, Petitioner filed the instant writ for habeas corpus and motion for a temporary restraining order, ECF Nos. 1, 2. Petitioner challenges the lawfulness of his civil detention and seeks immediate release. He claims his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause, and that he is suffering irreparable harm. ECF No. 1. In opposition, Respondents concede Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). ECF No. 8. However, they ask the Court to deny

ORDER GRANTING HABEAS PETITION * 3

Petitioner's request to be released pending a bond hearing, as changed circumstances (i.e., Petitioner's failure to appear at his January 12, 2026 bond hearing) justify his re-detention.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriquez*, 583 U.S. 281, 289, 138 S.Ct. 830 (2016).

Section 1226(a) sets out the "default rule" for noncitizens already present in the country. *Id*. Under this discretionary rule, "[a]n immigration officer makes the

ORDER GRANTING HABEAS PETITION * 4

initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id*. (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

Having been deprived a bond hearing or any opportunity to establish that he does not present a danger to national security or pose a risk of flight, the Court concludes Petitioner was thus wrongfully denied a bond hearing under Section 1226(a).

FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id*.

ORDER GRANTING HABEAS PETITION * 5

at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### a. Protected Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has no criminal history nor do there appear to be any allegations of noncompliance with release. There is no valid arrest warrant in the record. There therefore appears to be no lawful basis

ORDER GRANTING HABEAS PETITION * 6

for his continued detention. The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. He has been detained for almost four months and describes having been transferred four times across the country. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's

ORDER GRANTING HABEAS PETITION * 7

protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Nor does Respondent claim Petitioner is a danger to the public or a flight risk; in fact, it appears he has no criminal history and no allegation of noncompliance or violation of the terms of release. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondents assert that changed circumstances justify the continued detention of Petitioner. Specifically, Respondents point to Petitioner's failure to appear as evidence that he is a flight risk, justifying continued detention. This argument is better made before an immigration judge at a bond hearing. *See Calvillo v. Chestnut*, 2026 WL 253627, at *3 (E.D. Cal. Jan. 31, 2026). For the purposes of this petition, the Court finds Respondents have not viably alleged changed circumstances warranting continued detention of Petitioner. While Petitioner missed the January 12, 2026 hearing, he nevertheless appeared at a scheduled appointment with ICE on January 30. He has continued to litigate his immigration case throughout this time. While the Government has a legitimate interest in assuring Petitioner's appearance, the interest in this case is slight. This

ORDER GRANTING HABEAS PETITION * 8

factor too weighs in favor of Petitioner.

Having found all three *Matthews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause.

However, as the Government's argument for detention is not obviously pretextual the Court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified. *See Calvillo*, 2026 WL 253627, at *3; *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) (finding that where government's asserted justifications for noncitizen's re-detention "are not obviously pretextual" and "there is a dispute of fact as to whether Petitioner repeatedly violated the terms of his parole" the proper remedy is "prompt, post-deprivation process" rather than immediate release); *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK, 2025 WL 3485221, at *5 (E.D. Cal. Dec. 4, 2025) (finding that the petitioner's dispute as to whether he violated the terms of his supervised release "does not demonstrate that his detention was pretextual," and therefore he "is not entitled to immediate release but

ORDER GRANTING HABEAS PETITION * 9

is entitled to an in-custody bond hearing.”).

**Accordingly, IT IS HEREBY ORDERED**:

1.      Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED in part.**

2.      Petitioner's Motion for a Preliminary Injunction, **ECF No. 2**, is **DENIED as moot**.

3.      Respondents are ORDERED to provide Petitioner a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven (7) days of the date of entry of this order.

4.      Within three days of the bond hearing, Respondents shall file a status report in this case confirming that Petitioner has been provided the bond hearing.

5.      If Respondents fail to provide Petitioner a bond hearing within seven days, Petitioner shall be immediately released from Respondents' custody.

6.      If the Government seeks to re-detain Petitioner following his release, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

7.      The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the

ORDER GRANTING HABEAS PETITION * 10

government has not established a need to impose a security bond.

**IT IS SO ORDERED.**

DATED May 18, 2026

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION * 11